**ROCHFORD et, Plaintiffs-Appellees, v. SHEBAN et, Defendants-Appellants.**

Ohio Appeals, Seventh District, Mahoning County.

No. 3638.   Decided April 5, 1954.

Falls, Hazel & Kerr, Youngstown, for plaintiffs-appellees.
Joseph Sheban, Youngstown, for defendants-appellants.

**OPINION**

Per CURIAM.

Plaintiffs, John T. Rochford and J. Harry Rochford, sued defendants, Jennie Sheban and Joseph Sheban, in the Court of Common Pleas and alleged:—

"Plaintiffs say that at different times, defendants loaned them certain sums of money; that on or about the 17th day of April, 1950, the loans totaled approximately $2,000.00; that on said date as evidence of this indebtedness, plaintiffs executed and delivered to defendants a document involving Youngstown City Lots No. 31471 and 14306 to be

returned to plaintiffs upon repayment of said loans; that plaintiffs are ready, willing and able to return said loans, but that defendants refuse to return said evidence of indebtedness; that plaintiffs at this time offer to repay said loans upon defendants returning said evidence of indebtedness.

"Plaintiffs further say that defendants have threatened to file said document thereby attempting to transfer title from plaintiffs to defendants.

"Wherefore, plaintiffs hereby offer to return said $2,000.00 to defendants and pray that the defendants be ordered to return said evidence of indebtedness to the plaintiffs; that the defendants be enjoined from recording said alleged document and attempting to transfer title from plaintiffs to defendants and for such other and further relief as the court deems just and proper."

By answer defendants denied the allegations of plaintiffs' petition and alleged as follows:—

"Furthermore the defendant, Jennie Sheban, says that she purchased from the plaintiffs their undivided interest in two vacant lots and paid the full purchase price, but the deed is not placed on record pending certain procedure in the Probate Court.

"Wherefore, defendants pray that plaintiffs' petition be dismissed at their own cost."

In that action the trial judge held:—

"* * * that the deed of March 15, 1950 was executed by the plaintiffs and delivered to the defendant, Joseph Sheban, under the conditions set forth in the petition; that said deed was given as security for the indebtedness existing from the plaintiffs to the defendant, Joseph Sheban, and was in effect a conveyance of an equitable interest to secure such indebtedness and was not in fact a deed delivered for the purpose of transfering title, and that the defendants did not purchase the land described in said deed and are not entitled to the legal title or interest therein."

The trial judge entered judgment ordering:—

"* * * that the deed dated March 15, 1950 be delivered by the defendant, Joseph Sheban, to the Clerk of this court for delivery by the Clerk of this court to the plaintiffs for cancellation upon the payment by the plaintiffs to the Clerk of Courts of the sum of Two Thousand Dollars ($2,000.00) with interest at the rate of 6% per annum from the 15th day of March, 1950, the sum of Two Hundred Seventy-One and 50/100 Dollars ($271.50) with interest from November 23, 1948. and the sum of One Hundred Sixty-One Dollars ($161.00) with interest from the 5th day of May, 1945, and that upon the delivery of said deed to the Clerk of Courts and the payment of said sums of money to the Clerk of Courts for defendants, that said deed will thereupon become null, void and of no further effect. Judgment against the defendants for costs."

Defendants appealed to this court from the judgment of the trial court on questions of law and fact.

Subsequent to the transaction to which reference is made in such action the executrix of the estate of Mary C. Rochford sought an order of the Court of Probate of Mahoning County to sell such lots to pay

debts of her estate. In that action, in which defendant, Jennie Sheban, demanded a schedule of debts sought to be paid, which was not filed, she contended that the lots in question were devised to the daughters of Mary C. Rochford and not to defendants, John T. Rochford and J. Harry Rochford, in which action the Judge of the Court of Probate found that such lots were devised to defendants, Harry and John Rochford. Subsequently all the heirs of Mary C. Rochford, deceased, decided to divide her estate between themselves equally instead of taking under the will.

Upon consideration of all of the evidence presented in this appeal upon questions of law and fact the court arrives at the conclusion that the plaintiffs have established by the degree of proof required, to-wit clear and convincing evidence, that the instrument purporting to be a deed was in fact executed and delivered as a mortgage and not as an absolute conveyance. Therefore the finding and decree of this court is for the plaintiffs.

Defendants' motion for findings of fact and conclusions of law is sustained, and this court adopts as its finding of fact and conclusions of law that made by the trial court, namely:—

"The court finds from the evidence that at the time the instrument of April 17, 1950, was signed the relationship of client and attorney existed and had for some time existed between the parties as well as that of debtor and creditor.

"The court finds that the indebtedness of plaintiffs to defendant Joseph Sheban is $2000.00, with interest from March 19, 1950; $271.50, with interest from November 23, 1948; and $161.00, with interest from May 5, 1945.

"The court finds as a matter of law that it is against the policy of the law and the principles of equity when applied to the evidence herein to hold the instrument in question, regardless of its form, to be anything other than evidence of the indebtedness existing between the parties and as security therefor."

GRIFFITH, PJ, PHILLIPS and NICHOLS, JJ, concur.